UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ROBERT ROSENFELD, Derivatively On Behalf of FUBOTV INC., <br><br> Plaintiff, <br><br> v. <br><br> EDGAR BRONFMAN JR., HENRY AHN, IGNACIO FIGUERAS, DANIEL LEFF, LAURA ONOPCHENKO, DAVID GANDLER, PÄR-JÖRGEN PÄRSON, and SIMONE NARDI, <br><br> Defendants, <br> -and- <br><br> FUBOTV INC., <br><br> Nominal Defendant. | Case No. 1:21-cv-01953 (JSR) (OTW) <br><br> **JOINT MOTION TO APPROVE (I) THE VOLUNTARY DISMISSAL OF THE DERIVATIVE ACTION WITH PREJUDICE AND (II) THE PROPOSED FORM OF NOTICE** |

All parties to this action (the "Parties"), through their respective counsel, hereby respectfully move this Court to approve (i) the voluntary dismissal of the above-captioned derivative action (the "Derivative Action") with prejudice and (ii) the proposed form of notice. In support of this motion, the Parties state as follows:

**I.      PROCEDURAL HISTORY**

1. On March 5, 2021, Plaintiff initiated the Derivative Action derivatively on behalf of fuboTV, filing the Verified Shareholder Derivative Complaint (D.E. 1, the "Original Complaint").

2. In the Original Complaint, Plaintiff alleged that (i) Defendants Gandler, Bronfman, and Nardi allegedly violated Section 10(b) of the Exchange Act and SEC Rule 10b-5 thereunder by allowing or permitting allegedly false and misleading statements to be disseminated in the Company's SEC filings and other disclosures; (ii) that the Individual Defendants allegedly breached their fiduciary duties of loyalty and good faith by allowing or permitting allegedly false and misleading statements to be disseminated in the Company's SEC filings and other disclosures and by allegedly failing to ensure that adequate internal controls were in place to prevent the alleged deficiencies described in the Original Complaint; and (iii) that the Individual Defendants allegedly wasted corporate assets by, *inter alia*: (a) allegedly paying excessive compensation, bonuses, and termination payments to certain of its executive officers; (b) allegedly awarding self-interested stock options to certain officers and directors; and (c) allegedly incurring potentially millions of dollars of legal liability and/or legal costs to defend and/or settle actions addressing Defendants' unlawful actions.

3. On April 21, 2021, Defendants filed their Motion to Dismiss the Original Complaint (D.E. 31), arguing that Plaintiff's claims should be dismissed: (i) pursuant to Rule 23.1

for failure to plead demand futility; (ii) pursuant to Rule 12(b)(6) for failure to state a claim; and (iii) pursuant to Rule 12(b)(1) as unripe.

4. In light of the arguments made in Defendants' Motion to Dismiss, on May 12, 2021 Plaintiff filed his Amended Verified Shareholder Derivative Complaint (D.E. 35, the "Amended Complaint"), which dropped the Exchange Act claim and alleged (i) that the Individual Defendants allegedly breached their fiduciary duties of loyalty and good faith by allowing or permitting allegedly false and misleading statements to be disseminated in the Company's SEC filings and other disclosures and by allegedly failing to ensure that adequate internal controls were in place to prevent the alleged deficiencies described in the Amended Complaint and (ii) that the Individual Defendants allegedly wasted corporate assets by, *inter alia*: (a) allegedly paying excessive compensation, bonuses, and termination payments to certain of its executive officers; (b) allegedly awarding self-interested stock options to certain officers and directors; and (c) allegedly incurring potentially millions of dollars of legal lability and/or legal costs to defend and/or settle actions addressing Defendants' unlawful actions.

5. On June 2, 2021, Defendants filed a Motion to Dismiss the Amended Complaint ("Motion"), arguing that Plaintiff's claims should be dismissed: (i) pursuant to Rule 23.1 for failure to plead demand futility; (ii) pursuant to Rule 12(b)(6) for failure to state a claim; (iii) pursuant to Rule 12(b)(1) as unripe; and (iv) for failure to plead a claim against Defendant Nardi.

**II. ARGUMENT**

6. After thoroughly considering Defendants' arguments in their Motion, Plaintiff concluded that Defendants' arguments are well founded and he now jointly, with Defendants, asks the Court to voluntarily dismiss the Derivative Action with prejudice.

7. Federal Rule of Civil Procedure 23.1(c) provides that a derivative action may be settled, voluntary dismissed, or compromised only with the Court's approval and that notice of

proposed settlement, voluntary dismissal, or compromise must be given to shareholders in the manner that the Court orders.

8.  The Parties propose that fuboTV Inc. ("fuboTV") file a Form 8-K with the SEC attaching the proposed derivative notice, attached as Exhibit 1 to the Declaration of Thomas J. McKenna, (the "Notice"), and post the Form 8-K with the Notice to the investor relations section of fuboTV's corporate website (collectively, the "Notice Program"). The Parties jointly submit that this proposed notice is sufficient under Rule 23.1(c). *See* Memorandum in Law in Support of Plaintiff's Motion for Final Approval of Settlement at 7, *Tomczak v. Ladd*, No. 19-cv-08046 (S.D.N.Y July 2, 2020) (proposing filing a Form 8-K and posting the notice to the investor relations section of the company's corporate to satisfy Rule 23.1(c)); Order and Final Judgment at 3, *Tomczak v. Ladd*, No. 19-cv-08046 (S.D.N.Y August 7, 2020) (finding the notice "was reasonable, constituted the most practicable notice under the circumstances to [the company's stockholders], and complied with the requirements of federal law and due process"). The Notice Program is reasonable and adequate to ensure that current shareholders are informed about the dismissal of the litigation.

9.  To facilitate the dismissal of this Derivative Action with prejudice, the Parties hereby respectively submit for the Court's consideration the Proposed Order Approving (i) Dismissal of Derivative Action with Prejudice and (ii) Notice of Dismissal to Current Shareholders, attached as Exhibit 2 to the Declaration of Thomas J. McKenna. No consideration is being paid by either party.

WHEREFORE, the Parties hereby respectfully request that this Court approve the derivative notice and enter an order dismissing the Derivative Action with prejudice 30 days after implementation of the Notice Program.

Dated: June 23, 2021

| **GAINEY McKENNA & EGLESTON** | **LATHAM & WATKINS LLP** |
|---|---|
| By: */s/ Gregory M. Egleston*<br>    Gregory M. Egleston<br>Thomas J. McKenna<br>501 Fifth Avenue, 19th Floor<br>New York, NY 10017<br>Telephone: (212) 983-1300<br>Facsimile: (212) 983-0383<br>Email: gegleston@gme-law.com<br>Email: tjmckenna@gme-law.com<br><br>***Attorneys for Plaintiff*** | By: */s/ Andrew B. Clubok*<br>    Andrew B. Clubok<br>Susan E. Engel<br>885 Third Avenue<br>New York, NY 10022<br>Tel: (212) 906-1200<br>Fax: (212) 751-4864<br>Email: andrew.clubok@lw.com<br>Email: susan.engel@lw.com<br><br>Nicholas J. Siciliano (*pro hac vice*)<br>Kathryn K. George (*pro hac vice*)<br>330 N. Wabash Ave, Suite 2800<br>Chicago, IL 60611<br>Tel: (312) 876-7700<br>Fax: (312) 993-9767<br>Email: nicholas.siciliano@lw.com<br>Email: kathryn.george@lw.com<br><br>***Attorneys for Defendants*** |