UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ROBERT ROSENFELD, Derivatively On Behalf of FUBOTV INC., <br><br> Plaintiff, <br><br> v. <br><br> EDGAR BRONFMAN JR., HENRY AHN, IGNACIO FIGUERAS, DANIEL LEFF, LAURA ONOPCHENKO, DAVID GANDLER, PÄR-JÖRGEN PÄRSON, and SIMONE NARDI, <br><br> Defendants, <br> -and- <br><br> FUBOTV INC., <br><br> Nominal Defendant. | Case No. 1:21-cv-01953 (JSR) (OTW) <br><br> **STIPULATION OF DISMISSAL AND PROPOSED ORDER** |

Pursuant to Rules 23.1(c) and 41(a) of the Federal Rules of Civil Procedure, the Parties to this Action, by and through their undersigned counsel, hereby stipulate as follows:

WHEREAS, Plaintiff filed a Verified Shareholder Derivative Complaint in this action (the "Derivative Action") on March 5, 2021 (D.E. 1), alleging that (i) Defendants Gandler, Bronfman, and Nardi violated Section 10(b) of the Exchange Act and SEC Rule 10b-5 thereunder by allowing or permitting false and misleading statements to be disseminated in the Company's SEC filings and other disclosures; (ii) that the Individual Defendants "breached their fiduciary duties of loyalty and good faith by permitting the use of inadequate practices and procedures to estimate its reserves set aside for annuity and pension payments, allowing or permitting false and misleading statements

to be disseminated in the Company's SEC filings and other disclosures and, otherwise failing to ensure that adequate internal controls were in place regarding the serious business reporting issues and deficiencies described" in the Original Complaint; and (iii) that the Individual Defendants "wasted corporate assets by, *inter alia*: (a) paying excessive compensation, bonuses, and termination payments to certain of its executive officers; (b) awarding self-interested stock options to certain officers and directors; and (c) incurring potentially millions of dollars of legal liability and/or legal costs to defend and/or settle actions addressing Defendants' unlawful actions.";

WHEREAS, on April 21, 2021, Defendants filed their Motion to Dismiss the Verified Shareholder Derivative Complaint (D.E. 31), arguing that Plaintiff's claims should be dismissed: (i) pursuant to Rule 23.1 for failure to plead demand futility; (ii) pursuant to Rule 12(b)(6) for failure to state a claim; and (iii) pursuant to Rule 12(b)(1) as unripe;

WHEREAS, in response and instead of filing an opposition to Defendants Motion to Dismiss, on May 12, 2021, Plaintiff filed an Amended Verified Shareholder Derivative Complaint (D.E. 35), dropping the Exchange Act claim and instead alleging (i) that the Individual Defendants "breached their fiduciary duties of loyalty and good faith by allowing or permitting false and misleading statements to be disseminated in the Company's SEC filings and other disclosures and, otherwise failing to ensure that adequate internal controls were in place regarding the serious business reporting issues and deficiencies described" in the Amended Complaint and (ii) that the Individual Defendants "wasted corporate assets by, *inter alia*: (a) paying excessive compensation, bonuses, and termination payments to certain of its executive officers; (b) awarding self-interested stock options to certain officers and directors; and (c) incurring potentially millions of dollars of legal lability and/or legal costs to defend and/or settle actions addressing Defendants' unlawful actions.";

WHEREAS, on June 2, 2021, Defendants filed a Motion To Dismiss The Amended Verified Shareholder Derivative Complaint (D.E. 36), arguing that Plaintiff's claims should be dismissed: (i) pursuant to Rule 23.1 for failure to plead demand futility; (ii) pursuant to Rule 12(b)(6) for failure to state a claim; (iii) pursuant to Rule 12(b)(1) as unripe; and (iv) for failure to plead a claim against Defendant Nardi;

WHEREAS, after thoroughly considering Defendants' arguments in their Motion to Dismiss the Amended Verified Shareholder Derivative Complaint, Plaintiff concluded that Defendants' arguments, including for failure to state a claim on the merits, are well founded;

WHEREAS, Plaintiff wishes to voluntarily dismiss this Derivative Action with prejudice all of the claims alleged or which could have been alleged in the Amended Verified Shareholder Derivative Complaint, with each party to bear its own costs and fees, and Defendants agree to the dismissal;

WHEREAS, no consideration is being paid by either party, and

WHEREAS, the parties hereby certify that the Notice Program, as defined in the Order Approving (I) Dismissal of the Derivative Action with Prejudice and (II) Notice of Dismissal to Shareholders (Dkt. 42), has been implemented.

NOW, THEREFORE IT IS HEREBY STIPULATED AND AGREED by and between the undersigned counsel for the parties, subject to approval of the Court, as follows:

1. This Derivative Action is dismissed with prejudice as to all defendants.

2. Plaintiff and Defendants shall each bear their owns costs and attorneys' fees incurred in this Action.

Dated: July 28, 2021

| | |
|---|---|
| **GAINEY McKENNA & EGLESTON** | **LATHAM & WATKINS LLP** |
| By: _/s/ Gregory M. Egleston_ | By: _/s/ Andrew B. Clubok_ |
| Gregory M. Egleston | Andrew B. Clubok |
| Thomas J. McKenna | Susan E. Engel |
| 501 Fifth Avenue, 19th Floor | 885 Third Avenue |
| New York, NY 10017 | New York, NY 10022 |
| Telephone: (212) 983-1300 | Tel: (212) 906-1200 |
| Facsimile: (212) 983-0383 | Fax: (212) 751-4864 |
| Email: gegleston@gme-law.com | Email: andrew.clubok@lw.com |
| Email: tjmckenna@gme-law.com | Email: susan.engel@lw.com |
| | |
| ***Attorneys for Plaintiff*** | Nicholas J. Siciliano (*pro hac vice*) |
| | Kathryn K. George (*pro hac vice*) |
| | 330 N. Wabash Ave, Suite 2800 |
| | Chicago, IL 60611 |
| | Tel: (312) 876-7700 |
| | Fax: (312) 993-9767 |
| | Email: nicholas.siciliano@lw.com |
| | Email: kathryn.george@lw.com |
| | |
| | ***Attorneys for Defendants*** |

SO ORDERED:

Dated: _____7/28/_____, 2021     _/s/ Jed S. Rakoff_
                                   Hon. Jed S. Rakoff
                                   United States District Judge

4